# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN A. ARMATAS, | ) | CASE NO.: 5:20CV1031 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| JUDGE CHRYSSA N. HARNETT, | ) | **MEMORANDUM OF OPINION AND** |
| et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | (Resolves Doc. 7) |
| | ) | |

This matter comes before the Court on objections filed by Plaintiff Steven Armatas to the Reports and Recommendation ("R&R") of the Magistrate Judge.  The Court now resolves the objections, conducting a *de novo* review of those portions of a magistrate judge's R&R to which specific objections were made. 28 U.S.C. § 636(b)(1)(C).

The pertinent portion of the factual recitation of the R&R is as follows:

Thereafter, Steven proceeded to probate court to open his father's estate and was named Executor of the Estate of Alexander E. Armatas (the "Alexander Estate") on December 15, 2016. Doc. 1, p. 11, ¶ 40. On November 6, 2018, Steven and the Alexander Estate filed their complaint in the Underlying Litigation. Doc. 1, p. 11, ¶ 41. On June 21, 2019, upon the motion of CCF, Judge Hartnett dismissed Steven, the individual, from the Underlying Litigation on the basis that Steven lacked standing to bring the claims on an individual basis. Doc. 1, p. 11, ¶ 42, Doc. 1-3, p. 3. CCF and the Alexander Estate each filed motions for summary judgment. Doc. 1, p. 11, ¶ 43, Doc. 1-3, p. 1. On November 21, 2019, Judge Hartnett granted CCF's

1

motion for summary judgment and denied Plaintiff's motion for summary judgment. Doc. 1, p. 11, ¶ 43, Doc. 1-3. In her judgment entry, Judge Hartnett, explained her ruling, stating, in part:

Steven Armatas, in notarizing his own father's signature on a document in which Steven Armatas was a party and from which he could potentially gain financial benefit, was not a valid notarial act. Without a properly notarized signature, there is no power of attorney upon which the Estate can bring its claims against the CCF.

Doc. 1, pp. 11-12, ¶ 44 (quoting from Judge Hartnett's Judgment Entry dismissing the Underlying Litigation).

Doc. 12 at 5.

From the above,

Plaintiffs assert six counts in their Complaint. They assert the following five counts against Judge Hartnett in her individual capacity: Count I (42 U.S.C. § 1983 – violation of procedural due process); Count II (42 U.S.C. § 1983 – violation of the equal protection clause); Count III (defamation); Count IV (interference with business relations); and Count V (invasion of privacy). Doc. 1, pp. 1, 14-22.

In Count VI, Plaintiffs seek a declaratory judgment action against Judge Hartnett and the Clerk of Courts in their official capacities. Doc. 1, pp. 23-24. Plaintiffs request two declaratory judgment findings. Id. First, Plaintiffs request that the Court:

Issue a declaratory judgment finding the Defendants' conduct in holding Steven A. Armatas' engagement to notarize his own father's signature on a power of attorney to be an invalid notarial act constituted an unconstitutional exercise of judicial authority . . . and that such judicial conduct has violated and continues to violate Mr. Armatas' rights pursuant to the Fourteenth Amendment to the Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

Doc. 1, p. 24.

Second, Plaintiffs request that the Court:

Issue a declaratory judgment finding the Defendants' conduct in holding Steven A. Armatas' engagement to notarize his own father's signature on a power of attorney to be an invalid notarial act constituted an unconstitutional exercise of judicial authority . . . and therefore rendered Judge Hartnett's Judgment Entry of November 19, 2019 null and void and of no force or effect.

2

> *Id.* In their opposition brief, Plaintiffs acknowledge that their second request, i.e., their request that this Court "'render Judge Hartnett's Judgement Entry of November 21, 2019 null and void and of no force of effect' is inappropriate[.]" Doc. 10, p. 11, n. 9. Therefore, Plaintiffs are no longer prosecuting that portion of their action for declaratory judgment in Count VI. *Id.*

Doc. 12 at 3.

Initially, the Court notes that the R&R recommended dismissal of the claims against Clerk of Courts Louis P. Giavasis.  Plaintiffs have not objected to this portion of the R&R. Accordingly, that portion is adopted and the claims against Giavasis are hereby dismissed.

The remaining portions of Plaintiffs' objections, along with their underlying complaint, border on frivolous.  While the R&R correctly concluded that Judge Hartnett was entitled to judicial immunity for her actions detailed above, Plaintiffs continue to assert that she acted in the complete absence of jurisdiction.  Plaintiff's objections are wholly without merit.

In resolving a pending motion for summary judgment, Judge Hartnett opined on the validity of a notarization performed by Steven Armatas.  Contrary to Plaintiff's unsupported contentions, nothing in Ohio law stripped such authority from Judge Hartnett.  To the contrary, because the ability to bring suit before her was dependent upon a valid power of attorney, Judge Hartnett was duty bound to examine the validity of *all* of the evidence and documents before her.[1] Because Judge Hartnett's actions were at the very core of her judicial functions, Plaintiffs' assertions that her immunity should be stripped away lack all merit.[2]

The only remaining objection from Plaintiffs' focuses upon the belief that Defendants were

---

1 It is for this same reason that the R&R properly concluded that Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine.  However, as this Court finds that judicial immunity is applicable, it finds no reason to analyze the doctrine.
2 The Court notes that the Fifth District Court of Appeals affirmed Judge Hartnett's ruling, effectively rejecting any contention she lacked jurisdiction in the actions she took.  Further, the Ohio Supreme Court declined jurisdiction over any further appeal in the matter.  Thus, the state court system has wholly rejected Plaintiffs' contentions that there was error in Judge Hartnett's actions.

not permitted to raise their defenses in a motion for judgment on the pleadings because an answer had already been filed.   This Court previously considered and rejected this same argument when Steven Armatas raised it in prior litigation in Case No. 5:19CV349.   The Court finds no reason to depart from its prior reasoning.   The answer and motion for judgment on the pleadings were filed on the same day, July 2, 2020.   Moreover, the answer contained all of the defenses included in the motion for judgment on the pleadings.   As such, Plaintiffs can demonstrate no prejudice from the Court's consideration of the legal merits of Defendants' arguments.

Based upon the above, Judge Hartnett is entitled to judicial immunity on all of the claims contained in the complaint.   Similarly, Clerk of Court Giavasis is entitled to quasi-judicial immunity for his action.   The R&R, therefore, properly concluded that Defendants' motion for judgment on the pleadings should be granted.

I.    Conclusion

For the reasons stated above, the R&R is hereby ADOPTED.   Defendants' motion for judgment on the pleadings (Doc. 7) is GRANTED.   The complaint is hereby dismissed.

IT IS SO ORDERED.


Dated: February 4, 2021                          ___/s/ John R. Adams_____
                                                 JUDGE JOHN R. ADAMS
                                                 UNITED STATES DISTRICT JUDGE

4